**EXHIBIT A**

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RAMI KHOGALI and AMAL ELTAIB h/w : | : | CIVIL DIVISION |
| *Plaintiffs* | : | |
| | : | GD No. |
| v. | : | |
| | : | **COMPLAINT** |
| FEDEX CUSTOM CRITICAL, INC. and | : | |
| WABASH NATIONAL CORPORATION | : | |
| | : | |
| *Defendants.* | : | Filed on behalf of Plaintiffs, |
| | : | |
| | : | |
| | : | |
| **JURY TRIAL DEMANDED** | : | Counsel of Record for these parties: |
| | : | |
| | : | BRANDON A. SWARTZ, ESQUIRE |
| | : | Pa. Id. No. 78344 |
| | : | bswartz@swartzculleton.com |
| | : | |
| | : | ANTHONY J. GIANNETTI, ESQUIRE |
| | : | Pa. Id. No. 318225 |
| | : | agiannetti@swartzculleton.com |
| | : | |
| | : | **SWARTZ CULLETON PC** |
| | : | Three Gateway Center |
| | : | 401 Liberty Avenue, Suite 2325 |
| | : | Pittsburgh, PA 15222 |
| | : | 412-238-7610 |
| | : | Fax: 412-200-7595 |

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

Lawyer Referral Service
Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
Telephone: (412) 261-5555
F: (215) 550-6557

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RAMI KHOGALI and AMAL ELTAIB h/w | : | CIVIL DIVISION |
| *Plaintiffs* | : | |
| | : | GD No. |
| v. | : | |
| | : | **COMPLAINT** |
| FEDEX CUSTOM CRITICAL, INC. and | : | |
| WABASH NATIONAL CORPORATION | : | |
| | : | |
| **JURY TRIAL DEMANDED** | : | |

## CIVIL ACTION COMPLAINT

1.      Plaintiff Rami Khogali is an adult individual and citizen of the State of Arizona.

2.      Plaintiff Amal Eltaib, Rami Khogali's wife, is an adult individual and citizen of the State of Arizona.

3.      Defendant, FedEx Custom Critical, Inc., is a corporation engaged in transportation services, with a principal place of business located in Uniontown, Ohio.  FedEx Custom Critical, Inc. regularly and continuously conducts business in Allegheny County.

4.      Defendant, Wabash National Corporation, is a corporation engaged in the design, manufacture, and sale of trailers, with a principal place of business located in Lafayette, Indiana. Wabash National Corporation regularly and continuously conducts business in Allegheny County.

5.      Venue is proper in Allegheny County because one or more of the Defendants regularly and continuously conducts business in Allegheny County.

6.      At all times material hereto, Defendants acted by and through their employees, agents, servants, and/or workmen, who were, in turn, acting within the course and scope of their employment, agency, and/or service for same.

7.     At all times relevant hereto, Plaintiffs were engaged by Defendant FedEx Custom Critical, Inc. as independent contractors to facilitate the transportation of goods on behalf of Defendant's customers.

8.     On or about July 2, 2018, Plaintiffs were working in this capacity at the site of FedEx Custom Critical, Inc. customer JMS Fabricated Systems, located 647 Donohoe Rd, Latrobe, PA 15650.   Plaintiffs were tasked with loading goods into a trailer (FCC223, vin no. 1JJV532V8AL365969) owned by FedEx Custom Critical, Inc. and leased to Plaintiffs.

9.     Defendant Wabash National Corporation designed, marketed, sold, supplied and/or distributed the aforesaid trailer and its components parts.

10.     On or about July 2, 2018, Plaintiff Rami Khogali was attempting to close the rear doors to the aforesaid trailer, and as a result of the defective condition of the trailer—as described below—Plaintiff fell from the bed of the trailer, causing him to sustain the severe and permanent bodily injuries described below.

## COUNT I
## RAMI KHOGALI v. WABASH NATIONAL CORPORATION
## STRICT LIABILITY

11.      Plaintiff hereby incorporates paragraphs one (1) through ten (10) of the within Complaint as though the same were fully set forth at length herein.

12.     Defendant Wabash National Corporation placed into the stream of commerce a defective product, as identified above, that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).   More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability

and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

13.     The accident described herein was caused solely and exclusively by Defendant's defective design and/or manufacture of the aforesaid trailer and its component parts, including, but not limited to:

    a.  Distributing/selling the subject trailer with a rear-door latch requiring excessive force for closure;

    b.  Failing to design and/or manufacture the subject trailer and its component parts to include an effective and durable mechanism for rear door closure;

    c.  Distributing/selling the subject trailer with non-durable rubber siding on the doors prone to obstruct their closure;

    d.  Failing to reasonably foresee that subsequent alterations would be made to the aforesaid trailer; more specifically that subsequent alterations would be made to the aforesaid ineffective door-closure mechanism, rendering the trailer unreasonably unsafe to users;

    e.  Failing to include in the plans, designs, and specifications for the subject trailer industry-recognized safety specifications;

    f.  Failing to design and/or manufacture the subject trailer and its component parts such that its rears doors could be closed with the application of reasonable force;

    g.  Failing to exercise the requisite degree of care and caution in design distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid trailer and its component parts;

     h.  Failing to ensure that the subject trailer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

     i.  Failing to warn of the dangers of the aforesaid trailer;

     j.  Failing to provide proper safety and operational instructions to end users.

14.    The accident described herein was due in no manner to negligence on the part of the Plaintiff.

15.    At all times relevant hereto, Defendant's aforesaid trailer and its component parts were defective and unsafe for consumer use.

16.    At all times relevant hereto, there were latent defects in the Defendant's aforesaid trailer and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

17.    The Defendant distributed and sold the aforesaid trailer and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Plaintiff's injuries.

18.    Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

19.    As a result of the aforesaid strict liability of Defendant, Plaintiff Rami Khogali, suffered severe and permanent injuries, including, but not limited to, a concussion with ongoing post-concussion syndrome, cervical sprain and strain with associated cervicalgia, lumbar strain and sprain, somatic and segmental dysfunction of the cervical, thoracic, lumbar, and sacral regions, as well as aches, pains, mental anxiety and anguish, and a severe shock to his entire nervous system. Plaintiff has been and will be obliged to receive and undergo medical attention and care

and to expend various sums for the treatment of his injuries and incur such expenditures for an indefinite time in the future.

20.    As a further result of the aforesaid accident, Plaintiff may in the future suffer a loss of his earnings and/or earning power, and he may incur such loss for an indefinite period in the future.

21.    Further, by reason of the aforesaid occurrence, Plaintiff has and/or may hereinafter incur other financial expenses all in an effort to treat and cure himself of the injuries sustained in the aforesaid accident.

22.    As a further result of the aforesaid strict liability of Defendant, Plaintiff has or may have suffered injuries resulting in the serious and/or permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

23.    As a further result of the aforesaid accident, Plaintiff has suffered a loss of the enjoyment of his usual duties, avocations, life's pleasures and activities, and the shortening of his life expectancy, all to his great detriment and loss.

24.    As a further result of the aforesaid accident, Plaintiff has suffered great and unremitting physical pain, suffering and mental anguish, all of which may continue in the future.

WHEREFORE, Plaintiff, Rami Khogali, demands judgment in his favor and against Defendant, Wabash National Corporation, in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

**COUNT II**
**RAMI KHOGALI v. WABASH NATIONAL CORPOATION**
**NEGLIGENCE**

25.     Plaintiff hereby incorporates paragraphs one (1) through twenty-four (24) of the within Complaint as though the same were fully set forth at length herein.

26.     At all times material hereto, Defendant owed a duty to end users of its product, such as the Plaintiff, to exercise reasonable care in designing and manufacturing the aforesaid trailer, and to sell/distribute that product in a reasonably safe condition.

27.     The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, and distributing the defectively designed and manufactured trailer, in general, and in the following particulars:

    a.   Distributing/selling the subject trailer with a rear-door latch requiring excessive force for closure;

    b.   Failing to design and/or manufacture the subject trailer and its component parts to include an effective and durable mechanism for rear door closure;

    c.   Distributing/selling the subject trailer with non-durable rubber siding on the doors prone to obstruct their closure;

    d.   Failing to reasonably foresee that subsequent alterations would be made to the aforesaid trailer; more specifically that subsequent alterations would be made to the aforesaid ineffective door-closure mechanism, rendering the trailer unreasonably unsafe to users;

    e.   Failing to include in the plans, designs, and specifications for the subject trailer industry-recognized safety specifications;

f.   Failing to design and/or manufacture the subject trailer and its component parts such that its rear doors not be closed with the application of reasonable force;

g.   Failing to exercise the requisite degree of care and caution in design distribution, manufacture, packaging, labeling, assembling, design, supply and sale of the aforesaid trailer and its component parts;

h.   Failing to ensure that the subject trailer and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

i.   Failing to warn of the dangers of the aforesaid trailer;

j.   Failing to provide proper safety and operational instructions to end users.

28.   The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

29.   As a result of the aforementioned negligence, the Plaintiff suffered the injuries described in paragraphs nineteen (19) through twenty-four (24) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Rami Khogali, demands judgment in his favor and against Defendant, Wabash National Corporation, in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT III
## RAMI KHOGALI v. WABASH NATIONAL CORPOATION
## BREACH OF WARRANTY

30.   Plaintiff hereby incorporates paragraphs one (1) through twenty-nine (29) of the within Complaint as though the same were fully set forth at length herein.

31.     As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the subject trailer was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

32.     As a result of the aforementioned breach, the Plaintiff suffered the injuries described in paragraphs nineteen (19) through twenty-four (24) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Rami Khogali, demands judgment in his favor and against Defendant, Wabash National Corporation, in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT IV
## RAMI KHOGALI v. FEDEX CUSTOM CRITICAL, INC.
## STRICT LIABILITY

33.     Plaintiff hereby incorporates paragraphs one (1) through thirty-two (32) of the within Complaint as though the same were fully set forth at length herein.

34.     Defendant FedEx Custom Critical, Inc., as a lessor of the aforesaid trailer, placed into the stream of commerce a defective product that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014).  More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

35.     The Defendant leased and/or distributed the subject trailer and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A)—as described

in paragraph thirteen (13), which is hereby incorporated by reference as though fully set forth at length—and those defects were the sole and proximate cause of the Plaintiff's injuries.

36.     As a result of the aforementioned strict liability, the Plaintiff suffered the injuries described in paragraphs nineteen (19) through twenty-four (24) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Rami Khogali, demands judgment in his favor and against Defendant, FedEx Custom Critical, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT V
## RAMI KHOGALI v. FEDEX CUSTOM CRITICAL, INC.
## NEGLIGENCE

37.     Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of the within Complaint as though the same were fully set forth at length herein.

38.     At all times material hereto, it was the duty of the Defendant to exercise reasonable care in maintaining and providing the subject trailer to Plaintiffs, and to provide Plaintiffs a reasonably place to work.

39.     The Defendant was negligent in the following respects:

a.  Providing the subject trailer to Plaintiff in an unreasonably safe condition as described above in paragraph thirteen (13);

b.  Failing to inspect/maintain the trailer to ensure that Plaintiff could safely use it; more specifically failing to inspect/maintain the door-closure mechanism to ensure that the doors would close with the application of reasonable force;

c.  Carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety and operational instructions to Plaintiff;

    d.  Failing to warn of the dangers of the subject trailer;

    e.  Increasing the risk of harm to the Plaintiff;

    f.  Failing to provide Plaintiff a safe place to work;

    g.  Such other acts and/or omissions constituting negligence as may be learned through discovery proceedings or demonstrated by the evidence adduced at trial.

40.    The aforesaid negligence was the sole and proximate cause of Plaintiff's injuries, which were due in no manner to negligence on the part of the Plaintiff.

41.    As a result of the aforementioned negligence the plaintiff suffered the injuries described in paragraphs nineteen (19) through twenty-four (24) herein which are incorporated by reference as though fully set forth at length.

WHEREFORE, Plaintiff, Rami Khogali, demands judgment in his favor and against Defendant, FedEx Custom Critical, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.

## COUNT VI
## AMAL ELTAIB v. ALL DEFENDANTS
## LOSS OF CONSORTIUM

42.    Plaintiff hereby incorporates by reference paragraphs one (1) through forty-one (41) of the within Complaint, as though the same were fully set forth at length herein.

43.    As a further result of the incident described herein, Plaintiff, Amal Eltaib, has suffered the loss of earnings, society, consortium and services of her husband, Rami Khogali, to which she is legally entitled.

44.    As a further result of the incident described herein, Plaintiff, Amal Eltaib, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries which her husband suffered by reason of the Defendants' negligence, and she may

be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

WHEREFORE, Plaintiff, Amal Eltaib, demands judgment in her favor and against Defendants, Wabash National Corporation and FedEx Custom Critical, Inc., in an amount in excess of $35,000, as well as any such other relief as the Court deems adequate, just and proper.


Respectfully,

**SWARTZ CULLETON PC**


By:     /s/ Anthony J. Giannetti
        Brandon Swartz, Esquire
        Anthony J. Giannetti, Esquire
        *Attorneys for Plaintiff*


Date: September 21, 2018

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

**SWARTZ CULLETON PC**

By:    /s/ Anthony J. Giannetti
       Anthony J. Giannetti Esquire
       Pa. Id. No. 318225

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| RAMI KHOGALI and AMAL ELTAIB h/w | : | CIVIL DIVISION |
| *Plaintiffs* | : | |
| | : | GD-18-12256 |
| v. | : | |
| | : | **AFFIDAVIT OF SERVICE OF** |
| FEDEX CUSTOM CRITICAL, INC. and | : | **COMPLAINT** |
| WABASH NATIONAL CORPORATION | : | |
| | : | |
| *Defendants.* | : | Filed on behalf of Plaintiffs, |
| | : | |
| | : | |
| | : | |
| **JURY TRIAL DEMANDED** | : | Counsel of Record for these parties: |
| | : | |
| | : | BRANDON A. SWARTZ, ESQUIRE |
| | : | Pa. Id. No. 78344 |
| | : | bswartz@swartzculleton.com |
| | : | |
| | : | ANTHONY J. GIANNETTI, ESQUIRE |
| | : | Pa. Id. No. 318225 |
| | : | agiannetti@swartzculleton.com |
| | : | |
| | : | **SWARTZ CULLETON PC** |
| | : | Three Gateway Center |
| | : | 401 Liberty Avenue, Suite 2325 |
| | : | Pittsburgh, PA 15222 |
| | : | 412-238-7610 |
| | : | Fax: 412-200-7595 |